Per Curiam.

In connection with a project to improve the New York City approaches to the Lincoln Tunnel, the Port of New York Authority condemned 58 separate pieces of property. These appeals concern two of those parcels, No. 12 and No. 48, in each case the Authority urging that the award of the court at Special Term, reduced by the Appellate Division, should be further reduced, and the claimant contending that the reductions effected at the Appellate Division should be restored and the award of Special Term reinstated. We consider each of the two awards separately, withal briefly.
*301 As to Damage Parcel No. 12, Special Term’s award should be reinstated. "While it would be error to include premiums for inconsistent uses, we find no allowance for such uses here. There is no doubt, as the courts below have found, that the highest and best use of this parcel was for a nonconforming parking lot and, since the evidence supports the finding of the trial court that there should be an over-all premium of 20% for such nonconforming use rather than the Appellate Division’s reduced premium of 10% for the 33rd Street lots, the trial court’s figure should stand. Accordingly, the award of the trial court, which included a 20% premium for nonconforming use, a premium of 10% for conjunctive use — denominated “ double frontage ” by the trial court — and a 10% premium for plottage, should be upheld.
As to Damage Parcel No. 48, Special Term’s award should also be reinstated. Analysis of the trial court’s decision, as well as the testimony of the Authority’s witnesses, demonstrates that the terms “ excess rental ” and “ excess rental value ” signify, not that the Soeony-Vacuum lease rental of $30,000 a year was “ in excess ” of the reasonable rent for the subject parcel used as a gasoline station, but that it was “ in excess ” of the amount that would be paid for a parcel not available for such gasoline station use. As the evidence establishes, the $30,000 rental was neither unreasonable nor excessive; no less a rent could reasonably be expected for the full 20-year life of the lease, including the five-year renewal term. The trial court was fully justified, therefore, in considering the lease rental for the 20-year period in determining the amount of the award. By the same token, there was no warrant for the Appellate Division’s action in limiting the so-called ‘ ‘ excess rental ’ ’ figure to the initial 15-year term of the lease. In short, the record clearly and convincingly supports the award made by Special Term rather than that of the Appellate Division.
So much of the order of the Appellate Division as deals with Damage Parcels Nos. 12 and 48 should be reversed and the decree of Special Term reinstated, with costs to each claimant in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Fund, Van Voorhis and Burke, JJ., concur in Per Curiam opinion; Dye and Froessel, JJ., dissent and vote to affirm upon the decision of the Appellate Division.
*302 Order of the Appellate Division, insofar as appealed from by the claimants, reversed and the decree of Special Term reinstated as to parcels Nos. 12 and 48, with costs to each claimant in this court and in the Appellate Division.